*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
TANG, LAWRENCE, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Eric M. BRASBERGER**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201900084**

Decided: 29 August 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Major Keaton H. Harrell, USMC. Sentence adjudged 12 December 2018 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, confinement for 4 months,[1] and a bad-conduct discharge.

For Appellant: Lieutenant Commander Jacqueline M. Leonard, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

_____

[1] The Convening Authority suspended confinement in excess of 90 days pursuant to a pretrial agreement.

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866. However, we note that the court-martial order (CMO) does not accurately reflect the disposition of the charge and specifications to which the appellant entered pleas of not guilty: Charge I, Specification 1, and Charge II and its sole Specification.

Pursuant to the pretrial agreement, the Convening Authority agreed to withdraw Charge I, Specification 1, and Charge II and its Specification following the military judge's acceptance of the appellant's guilty pleas. They were to be dismissed without prejudice upon announcement of sentence by the military judge, to ripen into dismissal with prejudice upon completion of appellate review in which the findings and sentence were upheld. However, the trial counsel erroneously moved only to "withdraw the offenses to which the [appellant] has [pleaded] not guilty without prejudice to ripen into prejudice upon the completion of appellate review."[2] The CMO reflects that Charge I, Specification 1, and Charge II and its sole Specification were dismissed without prejudice, but it does not indicate that dismissal will be with prejudice upon completion of appellate review in which the findings and sentence are upheld. Although we find no prejudice from this scrivener's error, the appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall properly reflect the disposition of Charge I, Specification 1, and Charge II and its sole Specification, according to the terms of the pretrial agreement.

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[2] Record at 56.